## THE PEOPLE *v.* VIDAL.

### APPEAL from the District Court of Mayagüez.

No. 13.—Decided May 19, 1903.

APPEAL.—BILL OF EXCEPTIONS.—In an appeal in a criminal action it is necessary that the defendant reserve his exceptions to the ruling of the trial court during the trial and file a bill of exceptions with the trial court or

jueces, para su firma, el cual pliego de excepciones ha de servir de base á la apelación.

ID.—ERRORES MANIFIESTOS.—Cuando en una causa criminal hay errores manifiestos en los autos, el Tribunal Supremo puede revisarlos en una apelación, sin necesidad de que hayan sido consignados en un pliego de excepciones.

Los hechos están expresados en la opinión.

Abogado del apelante : *Sr. Hernández Lopez.*

Abogado del apelado : *Sr. del Toro*, Fiscal.

one of the judges for settlement and signature, which bill of exceptions becomes the basis of the appeal.

ID.—ERROR APPARENT FROM THE RECORD.—When in a criminal action there are errors apparent from the record, the appellate court may review the same on appeal without the necessity of a bill of exeeptions.

The facts are set forth in the opinion.

*Mr. Hernández López*, for appellant.

*Mr. del Toro*, Fiscal, for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

Pedro Vidal y Goico was charged before the District Court of Mayagüez, with the violation of section 161 of the Penal Code now in force. The said court considered as having been proven that the accused on the 28th of October last, while acting as judge of election in one of the precincts of the town of Rincón, within the municipal district of Mayagüez, had maliciously and contrary to the election laws, refused to register as voters several persons of that township who were entitled to registration inasmuch as their names appeared on the lists of voters for the year 1900, thereby preventing them from casting their votes at the election held on the 4th of November last. Accordingly by judgment rendered February 21st, the aforesaid Vidal was sentenced to pay a fine of three hundred and fifty dollars or, in default thereof, to be confined in the insular penitentiary one day for each dollar that he failed to pay, with the costs of the proceedings. From said judgment the accused appeals to this court. In criminal cases, when the accused desires the Supreme Court to pass upon a question of law submitted by means of an appeal, the law clearly requires that he should reserve his exceptions during the trial and file his bill of exceptions with the trial court or one of its judges, for his signature, which bill of exceptions must serve as the basis for the appeal. When there are manifest errors of law in the record, the presentation of said bill of exceptions is not necessary, and then the court may consider them without requiring the aforesaid formality, according

puede estimarlos sin el lleno de aquella formalidad, según doctrina ya establecida en anteriores decisiones.   En la presente causa no se encuentra pliego de excepciones, ni aparece error alguno de derecho cometido por el Tribunal sentenciador.   Por tanto, la sentencia de la Corte de Distrito de Mayagüez está ajustada á derecho y debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Figueras, Sulzbacher y MacLeary.

---

A. LYNN É HIJOS DE PÉREZ MORIS *v.* MUNICIPIO DE YABUCOA.

COMPETENCIA por inhibitoria entre los Juzgados de San Juan (Catedral) y Yabucoa.

No. 1.—Resuelto en Mayo 22, 1903.

COMPETENCIA.—EFECTOS DE COMERCIO.—A falta de pacto expreso en contrario, la obligación de pagar el precio de géneros de comercio, vendidos al por menor, debe cumplirse en el mismo lugar donde se halla el establecimiinto ó tienda en que se compraron, y es Juzgado competente para conocer de la correspondiente demanda, el de dicho lugar.

EXPOSICIÓN DEL CASO.

*Resultando:* que Don Ramón Negrón Flores, como apoderado de la mercantil A. Lynn é Hijos de Pérez Moris, demandó en juicio verbal, en 7 de Marzo de 1903, y ante el Juzgado Municipal de Catedral, en esta Ciudad, al Alcalde y Concejales del Ayuntamiento de Yabucoa, para que satisficieran á sus representados la cantidad de catorce dollars, setenta y nueve centavos, que es en deberle la expresada Municipalidad, por efectos suministrados por dicha casa al extinguido Ayuntamiento de Maunabo, más los intereses legales y gastos del procedimiento, hasta el total solvento de la deuda; y admitida la demanda y citados los demandados en su domicilio, el Alcalde de Yabucoa, como representante de la Municipalidad, presentó escrito al Juzgado Municipal de dicho pueblo, estableciendo cuestión de competencia por inhibitoria, y alegando en apoyo de su pretensión, que la

to the doctrine established in decisions heretofore rendered. In this case no bill of exceptions is found, nor does it appear that any error of law was committed by the trial court. Therefore, the judgment of the District Court of Mayagüez is according to law, and must be affirmed.

Messrs. Chief Justice Quiñones, and Associate Justices Figueras, Sulzbacher and MacLeary concurring.